**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**CASE NO.: 5:26-cv-657**

**MARIANNE JANVRIN, individually;
MARIANNE JANVRIN,
As Personal Representative of the
Estate of RICHARD JANVRIN,
SABRINA PERKINS, individually;
SABRINA PERKINS,
as Parent and Natural Guardian
of R.E., a minor, and AMANDA LOVEJOY,**

**Plaintiffs,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**
_________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs, MARIANNE JANVRIN, ESTATE OF RICHARD JANVRIN, SABRINA PERKINS, R.E., a minor, and AMANDA LOVEJOY, through her undersigned counsel, hereby sues Defendant, the UNITED STATES OF AMERICA, and alleges as follows:

1. This is an action for personal injury damages arising from a motor vehicle accident in the amount of $76,711.89, not including costs or post-judgment interest.

2. At all times material hereto, Plaintiff, MARIANNE JANVRIN, was and is a resident of Rockingham County, New Hampshire.

3. At all times material hereto, Plaintiff, ESTATE OF RICHARD JANVRIN, was a resident of Marion County, Florida at the time of his death.

4. At all times material hereto, Plaintiff, SABRINA PERKINS, was and is a resident of Rockingham County, New Hampshire.

5. At all times material hereto, Plaintiff, R.E., was and is a resident of Rockingham County, New Hampshire.

6. At all times material hereto, Plaintiff, AMANDA LOVEJOY, was and is a resident of Marion County, Florida at the time of his death

7. At all times material hereto, Defendant, the UNITED STATES OF AMERICA (hereinafter referred to as "Defendant"), was and is the federal government, acting through its duly authorized agent or representative, the United States Postal Service ("hereinafter "USPS") and any USPS employees acting on behalf of USPS. 28 USC § 2671.

8. At all times material hereto, Defendant has regularly transacted business within the State of Florida and throughout Marion County, Florida.

9. Venue is proper in this court because the motor vehicle collision at issue in this lawsuit occurred in Marion County, Florida.

10. On or about October 11, 2024, JOSHUA ARMAND CRUZ

(hereinafter referred to as "the at-fault driver") was Defendant's employee or agent and was working within the course and scope of her employment or agency with USPS.

11. On or about October 11, 2024, while acting within the course and scope of her employment or agency with Defendant, the at-fault driver operated the motor vehicle bearing VIN# 3MYDLBYV9JY300455..

12. On or about October 11, 2024, at approximately 12:40 p.m., near NW 60th Avenue and NW 12TH Street, in Marion County, Florida, the at-fault driver so negligently and carelessly operated and/or maintained the above-described motor vehicle that he caused a collision with a motor vehicle then being operated by Plaintiffs.

13. At the time of the collision described in this complaint, Defendant, acting through the at-fault driver, owed the following duties to Plaintiffs:

a. To maintain a proper lookout for traffic;
b. To keep Defendant's motor vehicle under control;
c. To operate Defendant's motor vehicle in a careful and prudent manner;
d. To follow applicable traffic laws and norms; and
e. To avoid causing collisions with other motorists using the public roadways.

14. At the time of the collision described in this complaint, the at-fault

driver breached the duties he owed to Plaintiffs in the following ways:

a. Negligently failing to maintain a proper lookout for traffic;

b. Negligently failing to keep Defendant's motor vehicle under control;

c. Negligently failing to operate Defendant's motor vehicle in a careful and prudent manner;

d. Negligently failing to follow applicable traffic laws and norms; and

e. Negligently failing to avoid causing collisions with other motorists using the public roadways.

15. As a direct and proximate result of the negligence of Defendant, acting through the at-fault driver, Plaintiffs suffered the significant and permanent loss of one or more important bodily functions, a permanent injury within a reasonable degree of medical probability, significant scarring and disfigurement, one or more bodily injuries and resulting pain and suffering, mental anguish, disability, inconvenience, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, property damage, aggravation of one or more previously existing conditions, loss of past income and loss of the ability to earn money in the future. These losses are permanent or continuing and Plaintiffs will continue to suffer these losses in the future.

16. Prior to bringing this action, Plaintiffs provided written notice of their claim to Defendant as required by 28 USC § 2675.

17. More than six months have elapsed between Defendant's receipt of Plaintiffs' notice of claim and the filing of this action, and Defendant has failed to resolve the claim on terms satisfactory to Plaintiffs.

18. All conditions precedent to the filing and maintenance of this action have been performed by Plaintiffs, have occurred or have been waived by Defendant.

WHEREFORE, Plaintiffs demand the entry of a final judgment in their favor and against Defendant for their damages, together with an award of post-judgment interest, the costs of this action and such other and further relief to which they are legally entitled.

DATED September ____, 2026.

**ALLEN LAW FIRM, P.A.**

/s/ ______________________________
William T. Allen, Jr., Esq.
Florida Bar No. 950180
Chase A. Fifner, Esq.
Florida Bar No. 0126309
5023 NW 8th Avenue
Gainesville, Florida 32605
Telephone: (352) 331-6789
Facsimile: (352) 331-3785
Primary email: service@allenlaw.com
Secondary email: chase.fifner@allenlaw.com
Tertiary email: cindy.fife@allenlaw.com
*Counsel for Plaintiff*